```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
DR. JA'MEZ JAHMEZ-JAMES-
ANTONIO REID,

              Plaintiff,                  MEMORANDUM AND ORDER
                                          19-CV-1221 (KAM) (LB)
    -against-

UNITED STATES OF AMERICA,

              Defendant.
--------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

      Plaintiff Dr. Ja'mez Jahmez-James Antonio Reid, proceeding *pro se*, commenced this action on March 1, 2019, pursuant to 28 U.S.C. §§ 1346(b) and 2671-2680, *i.e.* the Federal Tort Claims Act, in the United States District Court for the Eastern District of New York, complaining of treatment he received at the Brooklyn Veterans Affairs office. (*See* ECF No. 1, Complaint.) By Memorandum and Order dated June 15, 2020, the Court granted defendant's motion to dismiss this action. (ECF No. 21.) On June 16, 2020, the Clerk of Court entered judgment. (ECF No. 22.) Pursuant to the Court's request, the Clerk of the Court served plaintiff on June 16, 2020 with a copy of the Memorandum and Order, the judgment, and the appeals packet. (*See* ECF No. 22.) By letter dated March 17, 2021, plaintiff asserted that he did not receive the Court's Memorandum and Order dated June 15, 2020 or the Clerk's judgment. (ECF No.

1

24.)[1] In light of plaintiff's *pro se* status and the difficulties related to the ongoing COVID-19 pandemic, the Court liberally construes plaintiff's letter as motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

## DISCUSSION

Upon construing plaintiff's letter as a motion to extend time to file an appeal, a court must consider whether the facts pled in the motion are sufficient to meet the requirements under Federal Rule of Appellate Procedure 4(a)(6). Generally, a notice of appeal must be filed with the District Court clerk within thirty days of entry of the judgment or order. *See* Fed. R. App. P. 4(a)(1). Federal Rule of Appellate Procedure 4(a)(6), however, also permits the district court to reopen the time to file an appeal for fourteen days, if the following conditions are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

---

[1] Plaintiff addressed a similar letter to Magistrate Judge Bloom. (ECF No. 25.)

>> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) ("Rule 4(a)(6)"). "[S]uch relief is discretionary and district courts should exercise their discretion mindful of the purposes and structure of Rule 4(a)." *In re WorldCom, Inc.*, 708 F.3d 327, 341 (2d Cir. 2013). "The responsibility for determining predicate compliance with [Rule 4(a)(6)] is vested in the district court and generally the district court will be best suited to weigh the competing factors relevant to a Rule 4(a)(6) motion." *Id.* at 340-41 (internal quotation marks and footnotes omitted) (brackets in original). Rule 4(a)(6)'s purpose is "to ease strict sanctions on litigants who ha[ve] failed to receive notice of the entry of judgment in order to file a timely notice of appeal, whether the fault lay with the clerk or other factors beyond the litigants' control . . . ." *Id.* at 335. Nonetheless, if the litigant is at fault, meeting all the foregoing factors is not dispositive and the Court need not grant this relief. *Id.* at 341 ("litigants at all times have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal" (internal citation omitted)); *Zavalidroga v. Cuomo*, 588 F. App'x 61, 62 (2d Cir. 2014) (summary order) ("Where the moving party is to blame for his failure to receive

notice of the judgment or order sought to be appealed, it is within the court's discretion to deny the motion.").

The Court issued its decision on June 15, 2020, and the Clerk of Court entered judgment on June 16, 2020, both of which were served on June 16, 2020. (*See* ECF Nos. 21, 22.) Plaintiff alleges that he did not receive notice of the Court's decision until he viewed the docket sheet on March 16, 2021, after "much diligence and patience [he] finally regained entery [sic] into the Eastern District of New York - LIVE Database 1.5 (Revision 1.5.2.)." (ECF No. 24 at 1.)  Although plaintiff did not notify the Court until March 17, 2021, which is more than 180 days after the judgment was entered, it is within 14 days from when he alleges that he learned of the Court's decision and judgment on March 16, 2021.  Furthermore, the Court finds that the defendant will not be prejudiced if plaintiff is allowed to file a late notice of appeal.  The Court also finds that although plaintiff is silent as to whether he received the Court's Order and judgment by mail, in light of the COVID-19 pandemic, the Court does not find evidence of fault by plaintiff.

Accordingly, plaintiff has shown that he is entitled to relief under Rule 4(a)(6). *See, e.g., Usukumah v. Kastell*, No. 15-cv-0374 (AMD), 2020 WL 6702072, at *2 (E.D.N.Y. Nov. 2, 2020) (granting *pro se* plaintiff's request for an extension of

time where "the record shows that because of a combination of unusual circumstances precipitated by the ongoing national public health emergency, the plaintiff did not receive notice of the Court's decision"); *see also Cordon v. Greiner*, 274 F. Supp. 2d 434, 442 (S.D.N.Y. 2003) (granting *pro se* plaintiff's request for an extension of time where "there is evidence . . . that the Petitioner never received a copy of the Judgment").

## CONCLUSION

For the foregoing reasons, plaintiff's motion for an extension of time to file a notice of appeal is GRANTED. Plaintiff may file a notice of appeal with fourteen (14) days from the date of this Order.  The Clerk of Court is directed to mail an appeals packet, a copy of this Order, the Court's June 15, 2020 Memorandum and Order and the judgment to plaintiff and note the mailing on the docket.

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         April 20, 2021

5